```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  ) CR No. 01-10314-MLW
                              )
JONATHAN HART, DARRYL GREEN,  )
and BRANDEN MORRIS            )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          February 22, 2007

This memorandum is based upon the transcript of the decision rendered orally on January 29, 2007, in which the court denied Jonathan Hart's Motion to Dismiss based on an alleged violation of the Double Jeopardy Clause of the Constitution. This memorandum adds citations, deletes some colloquy, and clarifies some language.

The most relevant facts are not in dispute. In 2001, Hart and others were charged in this case with conspiracy to distribute crack cocaine (Count 1), distributing crack cocaine on March 28, 2001 (Count 9), and carrying a firearm during and in relation to drug trafficking on July 25, 2001 (Count 31).

Hart was subsequently charged in another case with violating the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1961 et seq. That case, United States v. Green, CR-02-10301-NG, included Branden Morris, one of Hart's co-defendants in this case. The alleged March 28, 2001 crack cocaine offense was also alleged as one of Hart's predicate acts in the Green RICO case. Evidence that Hart had a gun on July 25, 2001 was introduced

1

in the Green trial to prove Hart's participation in the alleged RICO enterprise.

On January 13, 2003, jury selection in this case began. Many of Hart's co-defendants pled guilty. Before a jury was empanelled, the government moved to consolidate this case with the Green RICO case. Hart opposed consolidation, but this fact is not material to my analysis. However, after the government dismissed Count 1, the conspiracy charge against Hart, on January 16, 2003 Hart agreed that this case should be stayed pending the outcome of the Green RICO case. Green and co-defendant Branden Morris had similarly agreed to stay this case. Hart did not, in January, 2003, assert that a trial of the two remaining counts in this case, Counts 9 and 31, would be barred by the Double Jeopardy Clause of the Constitution. Again, however, I do not rely on this fact in my analysis.

In the Green RICO trial, the jury hung on the issue of whether the government had proven the alleged RICO enterprise. On January 11, 2006, Judge Nancy Gertner granted Hart's motion for acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, because she found that the evidence was insufficient to prove the alleged enterprise. Judge Gertner expressly stated that the jury did not address the question of whether Mr. Hart had committed the alleged acts of drug dealing and gun use. United States v. Green, CR-02-10301-NG, January 11, 2006, Transcript ("Tr.") at 3. Judge

Gertner went on to say that the failure to decide those issues did not reflect on whether those alleged crimes or others should be prosecuted in state court. Id.

Hart, however, now asserts that prosecution of the remaining counts in this case, Counts 9 and 31, is barred by the Double Jeopardy Clause as a result of his acquittal in the RICO case. This contention is incorrect.

As the United States Court of Appeals for the First Circuit wrote in United States v. Marino, 277 F.3d 11, 39 (1st Cir. 2002):

> The Double Jeopardy Clause prohibits successive prosecutions or punishments for the same offense. United States v. Ursery, 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). The test to determine whether two offenses are considered the same offense for Double Jeopardy purposes is set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932): two offense are separate offenses if each contains an element not contained in the other.

In Marino, the First Circuit also reaffirmed that criminal conduct can be prosecuted and punished both as a RICO predicate and as a separate substantive crime without violating the Double Jeopardy Clause. Id. at 39. See also United States v. Greenleaf, 692 F.2d 182, 189 (1st Cir. 1982).

Marino and Greenleaf, among other similar cases, apply the principles relied upon by the Supreme Court in Garrett v. United States, 471 U.S. 773 (1985), a continuing criminal enterprise case, to RICO cases. In essence, Garrett, Marino, and Greenleaf reject Hart's contention that Counts 9 and 31 are lesser included

3

offenses of the charges in <u>Green</u> and, therefore, may not be relitigated. This is the same conclusion that the United States Court of Appeals for the Third Circuit reached in <u>United States v. Esposito</u>, 912 F.2d 60, 66 (3d Cir. 1990).

This court recognizes that the Double Jeopardy Clause bars a successive prosecution if it will require the religitation of a factual issue that was necessarily resolved in Hart's favor in the <u>Green</u> RICO prosecution. <u>See</u> <u>Ashe v. Swenson</u>, 397 U.S. 436, 444 (1970). However, as described earlier, there was no general verdict returned in <u>Green</u> that would require this court to scrutinize the full record of that case. The jury hung on the first question, concerning whether the government had proven the alleged enterprise. Judge Gertner granted the Rule 29 motion for acquittal solely on the insufficiency of the evidence regarding the alleged enterprise. She expressly stated that she anticipated the drug and gun offenses could be prosecuted in state court. Tr. at 3. This court now finds that they can also be prosecuted in this federal case.

Accordingly, Jonathan Hart's Motion to Dismiss (Docket No. 546-1) is hereby DENIED.

      /s/ Mark L. Wolf
      UNITED STATES DISTRICT JUDGE

4